VESCUSO, Appellant,

v.

LAURIA, Appellee.

[Cite as *Vescuso v. Lauria* (1989), 63 Ohio App.3d 336.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55321.

Decided June 19, 1989.

338

*David L. Meyerson,* for appellant.

*Ronald J. Deery,* for appellee.

---

DYKE, Judge.

Appellant, Joanne Vescuso, brought suit against appellee, Gina M. Lauria, after an automobile in which the appellant was a passenger was struck by an automobile operated by the appellee. Appellant's motions for judgment notwithstanding the verdict (and/or a new trial) were denied. Appellant appealed the verdict (not the rulings on the motions).

Appellant raised three assignments of error.

## I

"A trial court errors [*sic*] in accepting a defense verdict in an admitted liability [*sic*] motor vehicle accident where there is no dispute that the plaintiff was injured in some degree as a direct and proximate result of the accident."

■ Appellant contended that the court should have granted the motion for judgment n.o.v. Appellant did not appeal from the denial of the post-verdict motions. Assignment of Error No. I is overruled.

## II

"A trial court errors [*sic*] in accepting a defense verdict when the manifest weight of the evidence clearly demonstrates that the plaintiff was injured directly from the accident."

■ The appellant testified that she developed a headache and sustained injury to her neck, right shoulder, and right arm and required emergency medical treatment, continued to experience pain in her neck, shoulder, and hand and sought treatment, the headaches, shoulder pain, neck pain, and arm pain have subsided while the pain in her wrist continues, and she continues to suffer numbness and tingling in her right hand.

The appellant's physician testified that he initially saw the appellant for complaints of pain in her neck, arm, and shoulder, the appellant was subjected to various medical examinations and procedures which included an E.E.G., an E.M.G., X-rays, and a brain-stimulus-evoked response, and the pain suffered by the appellant was caused by the automobile accident.

The appellee's medical expert testified that when he examined her the appellant's prior complaints of injury to her neck and shoulder were gone, but she continued to experience pain in her right hand and wrist. He concluded that the appellant suffers from carpal tunnel syndrome in both her left and right hands and arms, but the bilateral carpal tunnel syndrome was not caused by the automobile accident, and the appellant had suffered no injury to her arm, hand, or wrist.

He testified that appellant had no history of other injuries to her upper body. When asked for his opinion, he concluded that "[t]he accident certainly caused a cervical muscle strain * * *." Therefore, the wrist, arm and shoulder injuries were unproven but the *neck* injury was established by appellee's own expert.

Appellee's expert testified that he examined appellant two and one-half years after the collision, but also reviewed the records from the emergency room and the treating physician. Appellant had no prior injury to the neck. An X-ray of the cervical spine was taken at the emergency room and the record of the emergency room showed a neck strain (appellee's Exhibit A admitted by stipulation).

While being cross-examined about the alleged carpal tunnel syndrome in her arm and wrist, appellee's expert was asked whether or not in *his* opinion the accident injured her upper right extremity. He replied, "It appeared that *the accident certainly caused a cervical muscle strain* that was documented and she was having, I think from Doctor Brickel's notes, some discomfort and pain into her arm, but I don't believe that the accident caused her carpal tunnel syndrome." (Emphasis added.)

Later, on redirect appellee's counsel and he had the following exchange: "[Y]ou indicated that the accident probably caused some strain in [appellant's] body?" "Yes." "Did you say strain before?" "Yes, specifically I think neck strain, neck spasm was detected in the emergency room."

Appellant and appellant's doctor testified that she suffered a neck injury as a direct and proximate result of the accident and incurred doctor's bills, painful tests and lost work time. Appellee's doctor testified that she had no history of injuries to her upper body and that "[t]he accident certainly *caused a cervical muscle strain* * * *." (Emphasis added.) The parties stipulated to the bills for the treatment appellant's doctor said was necessary.

■ This court upon appeal cannot disturb a jury's verdict unless the verdict is not supported by competent, credible evidence or the verdict was the

result of passion or prejudice. Herein, the appellee's medical expert presented testimony that the appellant had not suffered any injuries to her arm and hand nor had she developed carpal tunnel syndrome as a result of the automobile accident. However, he did testify to a *neck* injury.

Thus, a review of the testimony and exhibits adduced at trial shows that there was competent and credible evidence to show that the negligence of the appellant had proximately caused some injury to the appellant. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

Assignment of Error No. II is sustained.

## III

"A trial court errors [*sic*] for not declaring a mistrial when the defendant's attorney makes an unnecessary, frivolous and damaging comment during the cross-examination of plaintiff's treating physician."

■ During cross-examination of the appellant's expert witness by appellee's counsel, the following statements were made:

"Q. Well, the fact of the matter is you examined people who are involved in litigation, or making claims on behalf of lawyers; do you not?

"A. Yes, I do.

"Q. And, as Mr. Meyerson is with Mr. Shane's offices. So you examined Mr. Shane's clients from time to time?

"A. I probably have.

"Q. He is the man you see on the TV ads now sitting on the desk?

"MR. MEYERSON: Objection, your Honor.

"THE COURT: Sustained. Sustained.

"Q. In addition to seeing clients of Mr. Shane, you testify on their behalf; do you not?

"A. On occasion."

A reversal of a judgment based upon the misconduct of counsel can only occur when it appears that the misconduct prevented a fair trial. *Ohio & Western Pennsylvania Dock Co. v. Trapnell* (1913), 88 Ohio St. 516, 103

N.E.2d 761; *Volsky v. Davis* (June 26, 1975), Cuyahoga App. No. 33942, unreported. Herein, we find that although the comment of the appellee's counsel was improper, the comment was not so egregious as to prejudice the jury and prevent a fair trial.

Assignment of Error No. III is overruled.

Judgment reversed and cause remanded for a trial on the amount to be awarded for the neck injury alone.

*Judgment reversed*
*and cause remanded.*

NAHRA, J., concurs.

MATIA, P.J., concurs in part and dissents in part.

MATIA, Presiding Judge, concurring in part and dissenting in part.

Although I concur with the majority's disposition of the appellant's first and third assignments of error which dealt with a motion for judgment notwithstanding the verdict and alleged attorney misconduct, I must respectfully dissent from the majority's decision in ordering a new trial for appellant's claim of damages vis-a-vis neck injuries.

An admission of liability does not in itself mandate an award of damages. Cf. *Johnson v. Knebusch* (June 7, 1984), Cuyahoga App. No. 47543, unreported, 1984 WL 5040. Clearly, the jury in the case *sub judice* did not believe that the appellant had suffered any injury to her neck. Absent passion or prejudice, the jury's verdict should not be disturbed upon appeal. *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 10 OBR 129, 460 N.E.2d 701. I would therefore affirm the verdict of the jury and the trial court's judgment *in toto*.