**DAWSON, Appellant,**

**v.**

**METROHEALTH CENTER, Appellee.**

[Cite as *Dawson v. MetroHealth Ctr.* (1995), 104 Ohio App.3d 654.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68337.

Decided June 19, 1995.

*Michael B. Pasternak* and *John E. Duda,* for appellant.

*Kenneth Abbarno* and *Nancy F. Zavelson,* for appellee.

*Per Curiam.*

This appeal was filed and briefed as an accelerated appeal pursuant to Local App.R. 25.

Sarah Dawson, plaintiff-appellant, appeals a decision from the trial court denying her motion for a new trial of her premises liability action against MetroHealth Medical Center. Dawson assigns the following error for our review:

"The trial court erred in denying plaintiff-appellant's motion for a new trial as remarks made by defendant-appellee's counsel during closing arguments were improper and highly prejudicial."

After reviewing the record and the arguments of the parties, we find no error in the trial court's decision. Therefore, we affirm the decision of the trial court. The apposite facts follow.

Sarah Dawson was injured on January 13, 1990 in a waiting room at Metro-Health Medical Center. Dawson fell and suffered various injuries when a chair collapsed as she attempted to sit in it. Dawson filed a complaint against MetroHealth Medical Center on December 26, 1991, seeking money damages.

Dawson voluntarily dismissed her action on November 30, 1992, then refiled it on May 17, 1993.

On September 28, 1994, after a trial, the jury returned a verdict in favor of MetroHealth. On October 7, 1994, Dawson filed a motion for new trial alleging that, during final argument, MetroHealth's counsel made improper comments about Dawson's expert, Dr. Bernard Charms. The motion was denied on November 30, 1994. This appeal followed.

Dawson argues that the trial court should have granted her motion for new trial because of the following comments by MetroHealth's attorney, Kenneth Abbarno:

"Q: And let's take a look at Dr. Charms as we are looking into the truth aspect of things. Let's see what Dr. Charms has to add to this case. He is a hired gun. He does 90 percent of his work for plaintiffs. Plaintiff attorneys say I've got a case for you. Here you go, Mrs. Dawson, go see Dr. Charms, he will treat you right, he will say you are injured. Just go there.

"MR. PASTERNAK: Objection.

"THE COURT: Sustained. No evidence to that effect."

Dawson argues that she was entitled to a new trial because of the remarks which were highly prejudicial, unsupported by any evidence, and intended to mislead the jury.

Civ.R. 59(A)(2) provides that a new trial may be granted upon a showing of misconduct by the prevailing party. Whether to grant a motion for new trial is up to the discretion of the trial court. *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 184, 7 OBR 229, 231–232, 454 N.E.2d 976, 979–980. Absent clear evidence that the trial court acted unreasonably, unconscionably, or arbitrarily and rendered a decision which was clearly wrong and without legal basis, the trial court's decision must be affirmed. See *Castlebrook, Ltd. v. Dayton Properties* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808, 811; *Scandinavian Health Spa v. Ohio Civ. Rights Comm.* (1990), 64 Ohio App.3d 480, 488, 581 N.E.2d 1169, 1174–1175.

In support of her claim that the trial court erred in denying her motion for new trial, Dawson invites us to apply the decision in *Tsitouris v. Wilson* (Mar. 20, 1986), Franklin App. No. 85AP–456, unreported, 1986 WL 3479. The *Tsitouris* court reversed the trial court's denial of a motion for new trial based upon improper closing argument by opposing counsel. The challenged comments in *Tsitouris* included the characterization of plaintiff's expert witnesses as "paid mercenaries" and "professional prostitutes." However, in *Tsitouris*, the opposing counsel argued continuously that the plaintiff's experts were being untruthful, even characterizing one witness's statement as "a lie." Although no objections

were made to the statements, the *Tsitouris* court found that, despite the lack of objection, the statements constituted reversible error.

In this case, we find that the challenged statement did not provide sufficient grounds for a new trial. The characterization of Dr. Charms as a "hired gun," while objectionable to Dawson, did not amount to the type of grossly improper conduct exhibited in *Tsitouris*. In *Tsitouris*, counsel made a series of improper comments about his opponent's expert witnesses. The statement made in this case was isolated. Moreover, an objection to the statement was sustained by the trial court. When viewed as a whole, MetroHealth's argument did not amount to the type of egregious conduct that would deny Dawson her right to a fair trial. MetroHealth did not exceed the bounds of zealous argument. Under the circumstances, we find the trial court did not abuse its discretion in denying Dawson's motion for a new trial.

Although we find that this type of conduct does not rise to the level of gross and abusive conduct, it nonetheless stands very close to the edge of that conduct. It is our belief that counsel who seeks this course of action takes a chance that his conduct will be viewed as gross and abusive, especially if the other party does not object. The objection, if sustained, as it was in this case, tends to remove the offensive stench from counsel's comments. The better course of conduct would be to refrain from this type of behavior altogether. Justice and fairness demand it and the system will be better off because of it.

*Judgment affirmed.*

PATTON, C.J., BLACKMON and KARPINSKI, JJ., concur.