JOURNAL ENTRY AND OPINION
Defendant-appellant Diane C. Valenta (appellant) appeals from the order of the trial court granting a new trial motion in favor of plaintiffs-appellees Jean and Steve Cziryak (collectively appellees). For the following reasons, we affirm the judgment of the trial court.
Appellees filed the underlying civil action for damages allegedly sustained in a motor vehicle accident negligently caused by appellant.[1] In particular, Jean Cziryak claimed injuries and approximately $9,400.00 in medical expenses as a result of the accident. Steve Cziryak pursued a consortium claim against appellant. Appellant admitted liability and, on July 6, 1999, a jury trial commenced on the issues of causation and damages.
Appellees testified on their own behalf. Appellees also presented the videotaped testimony of Jean Cziryak's treating physicians, David Ludwig, M.D. and Vernon D. Patterson, D.O. After the admission of Jean Cziryak's medical records, appellant testified as the defense's sole witness.
Appellant has disputed throughout the proceedings that Jean Cziryak sustained any injuries as a result of the subject accident. As appellant notes, appellees presented conflicting evidence regarding Jean Cziryak's alleged injuries. Appellant's attorney also effectively attacked the credibility of appellees and their expert witness during cross-examination.
Nevertheless, the following uncontroverted facts were presented at trial. The subject accident caused a moderate amount of property damage to both vehicles — $1,200.00 to appellees' automobile and $1,100.00 to appellant's vehicle. Ten days after the accident, Jean Cziryak sought medical treatment from her family physician, Dr. Tardio. In addition to Jean Cziryak's subjective complaints of back pain, Dr. Tardio's records indicated that Jean Cziryak had an objective manifestation of injury, viz., spasm in the dorsal spine.
Jean Cziryak had previous back injuries and pre-existing degenerative conditions. In 1975, Jean Cziryak sustained severe injuries to her upper back and shoulders. In addition, Jean Cziryak injured her back at work in 1981. Notwithstanding, Jean Cziryak did not receive any medical treatment for back problems for several years prior to the 1996 accident.
Dr. Tardio ordered x-rays which revealed that Jean Cziryak suffered from degenerative conditions in the thoracic and lumbar spine which pre-existed the 1996 accident. Dr. Tardio referred her to Parma Community Hospital for physical therapy. Dr. Tardio retired, and Dr. Ludwig assumed the primary care of Jean Cziryak.
When therapy did not resolve her pain, Jean Cziryak commenced a course of sixteen treatments with Dr. Patterson. Dr. Patterson opined that Jean Cziryak's pain was caused by the subject accident, not the degenerative changes evidenced by X-rays and an MRI. As appellant notes, Dr. Patterson's opinion was based mainly on subjective complaints and an incomplete history provided to him by the patient.
After deliberation, the jury returned a verdict in favor of Jean Cziryak but awarded zero damages. July 23, 1999, appellees filed a motion for judgment notwithstanding the verdict, new trial and additur.
In an opinion and order filed on August 16, 1999, the trial court granted appellees' motion for additur to $12,000.00 conditionally upon appellant serving consent. When appellant failed to consent, the trial court granted appellees' motion for a new trial. Therefrom, appellant filed timely notices of appeal with this court.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING A NEW TRIAL PURSUANT TO CIV.R. 59(A)(6) THEREBY INVADING THE PROVINCE OF THE JURY BY IGNORING THE JURY'S INDEPENDENT CONSIDERATION OF CONFLICTING, COMPETENT AND CREDIBLE EVIDENCE IN THE TRIAL COURT RECORD THAT SUPPORTED THE VERDICT ON THE ISSUES OF CAUSATION AND DAMAGES.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING A NEW TRIAL PURSUANT TO CIV.R. 59(A)(4) WHEN THE JURY CONSIDERED CONFLICTING, COMPETENT AND CREDIBLE EVIDENCE ON THE ISSUE OF DAMAGES AND THE AWARD OF DAMAGES WAS NOT SO INADEQUATE TO SHOCK REASONABLE SENSIBILITIES.
In her two assignments of error, appellant claims that the trial court erred in granting appellees' motion for a new trial under Civ.R. 59(A)(4) and (6).
Civ.R. 59(A) states in part:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
A new trial should be granted where it appears that the jury awarded inadequate damages because it failed to consider uncontroverted evidence of damages. Nohejl v. Beam (Sept. 17, 1998), Cuyahoga App. No. 73335, unreported, citing Dillon v. Bundy
(1991), 72 Ohio App.3d 767, 773, 596 N.E.2d 500.
The granting of a motion for a new trial rests within the sound discretion of the trial court and will not be disturbed upon appeal unless there has been an abuse of that discretion. Pena v.Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96,103, 670 N.E.2d 268. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the trial court which was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140.
Generally, the trial court's decision on a motion for a new trial must be affirmed upon appeal unless it was clearly wrong and without legal basis. Dawson v. MetroHealth Ctr. (1995),104 Ohio App.3d 654, 656, 662 N.E.2d 1123. Upon review of the record, we find that appellant failed to satisfy this high standard.
In the case sub judice, the jury was presented with uncontroverted evidence that Jean Cziryak suffered some injury as a result of the subject accident. In particular, Dr. Tardio's records clearly demonstrate that Jean Cziryak showed objective signs of injury ten days after the accident.
The conflicting evidence and credibility issues emphasized by appellant merely involve the extent of injury. Although Jean Cziryak had previous back injuries and pre-existing degenerative conditions, the uncontroverted evidence at trial established that Jean Cziryak sustained some injury or an aggravation of pre-existing problems and, therefore, appellees were entitled to at least nominal damages.
Based upon the foregoing, we find that the trial court did not abuse its discretion when it granted appellees' motion for a new trial. Appellant's first and second assignments of error are overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM.J. and JAMES D. SWEENEY, J. CONCUR.
 _______________________ LEO M. SPELLACY, JUDGE
[1] Appellees also initially raised a negligent entrustment claim against appellant's husband, Edward M. Valenta, Jr. Prior to trial, appellees dismissed its claim against Mr. Valenta.