JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Michelle A. Crew ("Crew") appeals the trial court's grant of the plaintiff-appellee Guy M. Cicchini's ("Cicchini") motion for a new trial. For the reasons set forth below, we affirm.
 I. {¶ 2} Crew and Cicchini are the parents of a minor child. The events leading to this appeal are as follows. Through a January 28, 1998 order, Cicchini was ordered to pay $4,697 a month in child support. On July 11, 2000, Cicchini filed a motion to modify child support, arguing that his retirement resulted in changed circumstances. Crew filed her own motion to modify child support on November 21, 2000, based on recent tax returns relating to Cicchini.
 {¶ 3} The trial court held an evidentiary hearing on November 27-28, 2000 and consolidated the two motions for modification. On the first day of the hearing, the court heard from Pete Amendola, Cicchini's personal and business accountant, who testified as a fact witness. The court also heard from Bernard Agin, called by Crew as an expert witness. Cicchini himself testified.
 {¶ 4} On the first day of the hearing, the court made a ruling to allow Cicchini to bring information regarding, as the court said, "the source of that money and what the payments are for." Counsel for Crew objected: "If Mr. Cicchini cannot explain the discovery that he provided to me months ago on the stand, I don't think it's appropriate to give him the opportunity to think of it overnight."
 {¶ 5} The hearing resumed the following day and Cicchini brought with him the financial information. Initially, the court noted that the attorneys had been in conference with the court in an attempt to resolve certain issues. The court then mentioned the information brought by Cicchini and stated to Crew's counsel, "since it's quite voluminous, [do] you want to pass calling him to the stand until you have an opportunity to examine that?" Crew's counsel decided that, rather than wasting time going through all of the records, she would waive cross-examination at that time. The hearing was quickly ended.
 {¶ 6} On that day, November 28, the court filed two journal entries. One read, "Cause continued, existing order remains in effect." The second read, "Parties shall submit Closing Arguments Findings of Fact Conclusions of Law by 1-29-01."
 {¶ 7} The parties filed their proposed findings of fact and conclusions of law on January 29, 2001. On April 13, 2001, the trial court issued a judgment entry of modification of support with findings of fact and conclusions of law. Through this entry, the trial court found Cicchini's gross income to be $1,127,610 and modified the child support he owed to $9,753.26 per month.
 {¶ 8} Cicchini filed a motion for new trial on April 27, 2001. The trial court held a hearing on the matter on December 20, 2001. It is clear from this hearing that the parties entered into settlement negotiations after the hearings of November 27-28, but that no agreement was reached. Through a journal entry dated December 20, 2001, the trial court granted his motion pursuant to Civ.R. 59(A) "for the particular purpose of the presentation of additional evidence and/or testimony relating solely to the determination of what constitutes the gross income of [Cicchini] * * *." The trial court found "that there is good cause shown in order to present additional evidence and/or testimony in this regard."
 {¶ 9} This appeal followed. Crew brings two assignments of error for review: (1) The Trial Court Abused its Discretion When it Failed to Articulate a Specific Reason for Granting Appellee's Motion for a New Trial; and (2) The Trial Court Abused its Discretion Granting Appellee a New Trial on the Grounds that He Failed to Properly Present Evidence.
 II. A. {¶ 10} In order to reverse the trial court's order granting a new trial, we must find that the trial court abused its discretion: "Whether to grant a motion for new trial is up to the discretion of the trial court. [Citation omitted.] Absent clear evidence that the trial court acted unreasonably, unconscionably, or arbitrarily and rendered a decision which was clearly wrong and without legal basis, the trial court's decision must be affirmed. [Citation omitted.]" Dawson v.Metrohealth Ctr. (1995), 104 Ohio App.3d 654, 656.
 {¶ 11} Ohio Civ.R. 59 governs the granting of new trials. The rule lists nine specific grounds upon which a trial court may grant a new trial. Civ.R. 59(A). It then states,
 {¶ 12} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
 {¶ 13} "When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted.
 {¶ 14} "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment." Civ.R. 59(A).
 {¶ 15} The staff notes to the rule, discussing the bench trial provision above, states that "[i]n effect, the rule provides for a partial new trial in a non-jury action so that the complete retaking of testimony may be avoided."
 B. {¶ 16} Here, the trial court clearly did not contemplate re-trying the entire matter. Rather, the court granted a new trial "for the particular purpose of the presentation of additional evidence and/or testimony relating solely to the determination of what constitutes the gross income" of Cicchini. Crew's first argument that the trial court did not "articulate a specific reason for granting" the new trial, is therefore not well taken.[1]
 {¶ 17} C. {¶ 18} The issue of whether Cicchini owes child support was not before the trial court (it had already been determined that he did owe). What was before the trial court was the amount of child support he owed. To determine the amount owed, the amount of Cicchini's gross income had to be determined first.
 {¶ 19} At issue, then, was whether certain deposits made to Cicchini's bank account constituted gross income. Cicchini argues that the deposits included, for example, reimbursements for expenses, which should not be considered in determining gross income. Crew counters, in her second argument, that Cicchini did not establish what the nature of the deposits was, that he had a sufficient opportunity to bring evidence at the original trial and that he should not be afforded another chance at a new trial.
 {¶ 20} Civil Rule 59, however, grants that decision to the "sound discretion" of the trial court. Again, in an action tried without a jury, the trial court "may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment," Civ.R. 59(A), unless the court has abused its discretion.
 {¶ 21} Here, the court granted a new trial for the limited purpose of determining Cicchini's gross income. Inasmuch as the determination of child support cannot be made without a determination of gross income, and as the trial court here was the trier of fact, we hold that the trial court did not abuse its discretion by granting a new trial for the limited purposes of determining Cicchini's gross income. As the trial court said, it would have been better to get everything done at one time. It would also have been better had the parties settled. Instead, the issues of Cicchini's gross income and his resultant child support were not resolved. A more orderly resolution may have been hoped for, but the record does not show "clear evidence" that the trial court, by allowing a determination of Cicchini's gross income, acted "unreasonably, unconscionably, or arbitrarily and rendered a decision which was clearly wrong and without legal basis[.]" Dawson at 656.
Judgment affirmed.
{¶ 22} It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCURS.
 COLLEEN CONWAY COONEY, J., DISSENTS WITH SEPARATE OPINION.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] {¶ a} The trial court's order stated that the new trial was granted "for good cause shown." Civil Rule 59(A) requires that the court "specify in writing the grounds upon which such new trial is granted." None of the nine grounds specified by the rule, however, apply here. The grounds, therefore, for the granting of a new trial are permitted in the rule's catch-all provision, which allows "[i]n addition to the above [specific] grounds," a new trial "in the sound discretion of the courtfor good cause shown." Civ.R. 59(A) (emphasis added).
{¶ b} Had the grounds been, for example, that the original judgment was contrary to law, the court would have been required to specify that reason. Civ.R. 59(A)(7). Here, the grounds were "for good cause shown." Together with the trial court's statement regarding the "limited purpose" of the new trial, the court's statement "for good cause shown" satisfies Civ.R. 59(A). See, e.g., Larry Murphy Dump Truck Serv.v. Sam Abdalla Enters., 114 Ohio App.3d 271.