DECISION AND JUDGMENT ENTRY
{¶ 1} Martha Wilson appeals from an order denying her motion for a new trial. She argues that during closing arguments defense counsel committed misconduct by showing the jury photographs to indicate that Wilson's car had sustained light damage as a result of the auto accident. The photographs had not been admitted into evidence. This misconduct of the attorney, Wilson asserts, demands that a new trial should be granted under Civ.R. 59(A)(2). Because we conclude that the Ottawa County Court of Common Pleas did not abuse its discretion in denying the new trial motion, we affirm.
 {¶ 2} On August 9, 1998, Martha Wilson's 1990 Chevrolet Lumina was hit in the rear end by a car driven by Craig Gildow. Gildow admitted negligence but disputed the amount of damages. Wilson claimed she missed work due to back pain. The case was tried to a jury on April 30, 2002 on the issue of damages. The jury found in favor of the defendant, Gildow.
 {¶ 3} Before trial, Wilson filed a motion in limine to keep accident photographs out of evidence that showed only minor damage to her car. Wilson was afraid Gildow would argue that since the impact appeared to be minor, so were her injuries. The defense stated that it was not Gildow's intent to argue in that fashion, yet still opposed the motion. The motion was overruled, with the trial court stating, "I think impact is always relevant to the issue of damages that flow from a collision, especially a rear end collision. Whether the impact was a significant cause of significant injuries or something else is a matter to argue, but I don't see any basis, and you haven't given me any case that would indicate that I should simply keep that evidence out completely. So I will overrule the plaintiff's motion in limine."
 {¶ 4} No one mentioned the photographs until defendant's closing argument when Gildow's attorney showed the jury photographs of Wilson's vehicle, which had not been admitted into evidence:
 Defense attorney: "You look at this and you say, `I don't understand.' (Attorney indicating on photograph.) She goes to the emergency room. This is the car. That is her car. (indicating.) I am not even going to say what —
 Plaintiff's attorney: "What are we doing? She told me she wasn't going to use that.
The Court: "That is not evidence.
Plaintiff's attorney: "I am flabbergasted.
 The Court: "That is not in evidence and you are not to show it to the jury. That has not been admitted in evidence.
Defense attorney: "I am sorry, Your Honor.
 Plaintiff's attorney: "Could I have a limiting instruction to the jury, Your Honor?
 The Court: "The jury will disregard that. It has nothing to do with the case. It is not evidence. It shouldn't have even been dealt with."
 {¶ 5} Apparently these photographs were left face-up on the defense counsel's table throughout the trial, which the trial court noted in its judgment entry. Wilson filed a motion for a new trial and attorney's fees based upon Civ.R. 59,[1] which the trial court denied on August 16, 2002.
 {¶ 6} The sole assignment of error is that "[t]he trial court erred in denying Plaintiff's Motion for a New Trial." Motions for a new trial under Civ.R. 59 are reviewed pursuant to an abuse of discretion standard.[2] The term "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is "unreasonable, arbitrary or unconscionable"[3]; therefore, a court of appeals may not substitute its judgment for that of the trial court.[4]
 {¶ 7} Wilson argues that Gildow's attorney, in showing the jury photographs of damage done to Wilson's car during closing arguments, committed such "egregious misconduct" that a new trial was required. What misconduct is, "egregious" or not, must be determined by the by the trial court, however.
 {¶ 8} Counsel has wide latitude during closing arguments, and a judge has similar latitude in deciding whether to grant a new trial.[5]
This is especially true when, as here, the remark was isolated,[6]
there was an objection that was sustained,[7] a curative instruction was given immediately,[8] and the trial judge further stated that the opening statements and the closing arguments are not evidence.[9] A jury is assumed to have followed the trial judge's instructions.[10]
 {¶ 9} The trial court's August 16, 2002 judgment entry denying the new trial concluded "[a] reversal of a judgment based upon the misconduct of counsel can only occur when it appears that the misconduct prevented a fair trial."[11] Although labeling defense counsel's conduct "egregious," the court continued that the conduct was "not so egregious as to deprive [Wilson] of a fair trial." This is where Wilson contends the court erred.
 {¶ 10} Nevertheless, Wilson's credibility was tested at trial, and the evidence supported the verdict. As the entry notes, "In the present case, the evidence presented at trial included the fact that Plaintiff, a petite woman, worked at Walmart's loading dock where she routinely, manually unloaded and carried objects weighing up to one hundred pounds. Further, Defendant presented evidence that Plaintiff had prior frequent back pain and had treated with a physician for the back pain prior to the accident. In addition, Plaintiff's credibility was brought into question when she testified that she had no prior back injuries. The evidence also showed that Plaintiff kept getting sent from physician to physician, with none of them able to find anything wrong with her."
 {¶ 11} The record confirms that although Gildow admitted negligence, he did not admit that any of Wilson's alleged injuries were caused by the accident. Wilson was required to establish a causal connection between Gildow's negligence and the necessity of her treatment before a jury could find in her favor. Objective reasons in the record exist from which the jury could reject her claims. The jury evaluated the witnesses and was free to believe or disbelieve their testimony.[12] We have already upheld a similar verdict.[13]
 {¶ 12} Any action the trial court took in respect to perceived frivolous conduct of trial counsel under R.C. 2323.51 is not an assigned error. We find simply that the trial court did not abuse its discretion under Civ.R. 59(A)(2) when it denied Wilson's motion for a new trial. Substantial justice was done to the party complaining, and thus, the judgment of the Ottawa County Common Pleas Court is affirmed. Appellant is assessed the court costs of this appeal.
JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer, J. JUDGE CONCUR.
[1] Specifically in her appellate brief, Wilson cited to Civ.R. 59(A)(2): "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * Misconduct of the jury or the prevailing party."
[2] Verbon v. Pennese (1982), 7 Ohio App.3d 182, 184; Worthington CitySchools v. ABCO Insulation (1992), 84 Ohio App.3d 144, 155; McKee v.Siemens Energy and Automation, Inc. (June 26, 1998), Lucas App. No. L-97-1177; Arnold v. Owens-Illinois Libbey Glass Division (Mar. 20, 1987), Lucas App. No. L-86-218.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219; See also,State v. Adams (1980), 62 Ohio St.2d 151, 157; Nakoff v. Fairview GeneralHospital (1996), 75 Ohio St.3d 254, 256.
[4] Pons v. Ohio State Medical Board. (1993), 66 Ohio St.3d 619,621.
[5] Campbell v. Warren General Hospital (1994), 105 Ohio App.3d 417,423.
[6] Dawson v. Metrohealth Center (1995), 104 Ohio App.3d 654, 657;Heller v. Adkins (Sept. 3, 1996), Stark App. No. 1995-CA-00378.
[7] Dawson, supra, at 657.
[8] Heller, supra.
[9] Star Bank National Association v. Cirrocumulus Limited Partnership
(1997), 121 Ohio App.3d 731, 744-745.
[10] Petticrew v. Petticrew (1953), 98 Ohio App. 260, 263. See also, Pierson v. Hermann (1965), 3 Ohio App.2d 398, 399-400; Feudov. Mishins (Dec. 18, 1980), Cuyahoga App. No. 42269.
[11] Vescuso v. Lauria (1989), 63 Ohio App.3d 336, 340; see, also,Verbanic v. Verbanic (1994), 70 Ohio St.3d 41, 43-45;
[12] Walker v. Holland (1997), 117 Ohio App.3d 775, 792.
[13] Wamer v. Pfaff (Mar. 31, 1998), Lucas App. No. L-97-1234 (rear end collision, admitted negligence with denial of injuries as a result, jury verdict for defense).