JOURNAL ENTRY and OPINION
{¶ 1} Appellant Lloyd Culpepper appeals the trial court's denial of his motion for a new trial. Culpepper assigns the following error for our review:
 {¶ 2} "I. The trial court erred and abused its discretion in denying plaintiff's motion for J.N.O.V., or in the alternative, a new trial, and the judgment of the jury is against the manifest weight of the evidence."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 4} Before the jury trial, appellee Robert Pedraza stipulated to negligent operation of his vehicle, which rear-ended Culpepper's. Culpepper claimed he suffered headaches, neck and back injury as a result of the accident. After the jury heard the facts, it returned a verdict in favor of Pedraza. Culpepper moved the trial court to issue a judgment notwithstanding the verdict (J.N.O.V.) or in the alternative a new trial. Culpepper argued the jury had lost its way because the manifest weight of the evidence favored him. The trial court refused, and we are asked to determine whether this matter should be reversed for a new trial.
 {¶ 5} Our standard of review regarding a J.N.O.V. is de novo, wherein the issue is legal sufficiency of the evidence.[1]
 {¶ 6} We, of course, have the option to grant a new trial on either a ruling involving the J.N.O.V. or the manifest weight of the evidence. Ultimately, our concern is whether as a matter of law Culpepper established for the jury that Pedraza's negligent operation of his vehicle proximately caused the damages or injuries Culpepper seeks. Culpepper averred he suffered $300 in property damages and $11,089 in personal injury.
 {¶ 7} Culpepper asked us to follow our decision in Salem v.Trivisanno,[2] and reverse this case as a matter of law. In Salem, this court, citing Vescuso v. Lauria,[3] andHallman v. Skender,[4] concluded that when both plaintiff's and defendant's medical experts testified plaintiff was injured as a result of the accident, this is competent, credible evidence sufficient to overturn a jury's defense verdict. Salem stands for the proposition that a defense verdict will be reversed when a jury loses its way when faced with overwhelming evidence of injury to the plaintiff. However,Salem does not negate the probability that a jury could disbelieve the plaintiff's case when afforded an opportunity. InSalem and Vescuso, the defense expert testified to some injury suffered by the plaintiff, a factor which this court ultimately concluded showed that the jury had ignored the evidence and lost its way.
 {¶ 8} Here, we have a different set of facts. Pedraza testified he traveled less than five-to-ten miles per hour that day, although he could not recall the speed at the point of impact. Culpepper drove an SUV and Pedraza drove a midsize car. Culpepper worked for Specialized Construction performing very heavy labor. He had been employed for two years prior to the accident. Before the accident, he started therapy with Dr. Eldon Meeks, a chiropractor, on the recommendation of his co-workers who said it was good for posture and overall good health. Culpepper testified after the accident he stopped physical therapy with Dr. Meeks because it did not seem to be helping. Dr. Meeks then referred him to Dr. Robert Zaas, an orthopedic doctor. In March 2000, three months after the accident, Culpepper saw Dr. Zaas who looked at his x-rays, and assessed Culpepper's neck and back problem.
 {¶ 9} At trial, the videotaped deposition of Dr. Robert Zaas, an orthopedic surgeon since 1965, was presented to the jury panel. Dr. Zaas testified Culpepper complained of pain on the left side of his neck, and of pain all the way down his back. Dr. Zaas diagnosed Culpepper as having muscle spasms in his neck and back and opined the accident was the cause of the injury. Dr. Zaas recommended Culpepper continue therapy with the chiropractor, Dr. Meeks, and to stay away from heavy lifting and contact sports.
 {¶ 10} Dr. Zaas stated Culpepper visited him on two other occasions, and he found Culpepper's condition had not improved. Culpepper had resumed working in the construction industry, and Dr. Zaas warned him that he would continue to have pain if he continued in the same line of work.
 {¶ 11} Additionally, Dr. Zaas stated Culpepper resumed working in the construction field within six months of the accident, and continued to do so up to the time the matter went to trial. He opined Culpepper never gave his injury time to heal.
 {¶ 12} On cross examination, it was revealed Culpepper had worked in the construction industry since 1997. Culpepper admitted to doing a lot of heavy labor, and as a result would occasionally feel sore. Additionally, Culpepper admitted he had been an offensive tackle for his high school football team, did shot-put and discus for the track team, and prior to the accident stayed in shape by lifting weights and running.
 {¶ 13} From our review of the record, it appears the jury did not believe the accident caused Culpepper's injuries. Culpepper's own expert, although maintaining the accident caused the injury, offered various other alternatives for the injuries, i.e., work and lifestyle. Under these circumstances, we conclude Salem is not definitive of the issues of this case and does not prohibit a jury from disbelieving evidence when the opportunity arises.
 {¶ 14} Finally, Culpepper argues Salem is instructive when the defense does not offer an expert and the evidence is heavy on the plaintiff's side. We are not persuaded. A jury has the prerogative to disbelieve the plaintiff's case and absent passion or prejudice, the jury's verdict should not be disturbed upon appeal, unless, of course, the jury's verdict is as incredible as it was in Salem and Vescuso.[5]
 {¶ 15} The judgment is affirmed.
Judgment affirmed.
DIANE KARPINSKI, J., and TIMOTHY E. McMONAGLE, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
[1] See O'Day v. Webb (1972), 29 Ohio St.2d 215; Altmann v.Southwyck AMC-Jeep-Renault, Inc. (1991); 76 Ohio App.3d 92, 95;Yachanin v. State Farm Ins. Co. (Sept. 26, 1996), Cuyahoga App. No. 69842. See, also, Felden v. Ashland Chem. Co., Inc.
(Cuyahoga, 1993), 91 Ohio App.3d 48, 55-57.
[2] (Jan. 29, 1998), Cuyahoga App. No. 71147.
[3] (1989), 63 Ohio App.3d 336.
[4] (Jan. 28, 1099), Cuyahoga App. No. 53207.
[5] See, also, Baum v. Augenstein (1983),10 Ohio App.3d 106.