OPINION
{¶ 1} Plaintiff-appellant, William Fernbach II, appeals a decision from the Butler County Court of Common pleas denying a motion for a new trial. We affirm.
 {¶ 2} Appellant was employed as a diesel mechanic at Cummins-Bridgeway, LLC, primarily repairing trucks, machinery and other heavy equipment. He engaged in heaving lifting and repetitive use of his fingers, hands, wrists, forearms and elbows as a *Page 2 
result of his everyday duties. Appellant acknowledged that he had prior problems with his hands, wrists and forearms before working for Cummins; however, he claimed the problems worsened while there. In June 2005, appellant had an accident jacking up a fire truck hood that caused his hand symptoms to worsen considerably and remain permanent.
 {¶ 3} He reported the problems and ultimately sought medical attention. An electromyelogram ("EMG") revealed that appellant had bilateral carpel tunnel syndrome. As a result, appellant filed a workers' compensation claim. The claim was allowed and appellant began treatment of his wrists and hands. His condition remained unimproved from the treatment and appellant underwent bilateral carpel tunnel release surgery. Following the surgery, appellant continued to have problems. Appellant received further treatment from Dr. Kevin Mayfield. A subsequent EMG revealed recurrence of his carpel tunnel problems and a compression of the ulnar nerves in both of his elbows. Dr. Mayfield believed these problems resulted from his repetitive work-related activities at Cummins and appellant requested that the injuries be added to his workers' compensation claim. The Bureau of Workers' Compensation denied the claim and the matter proceeded to trial.
 {¶ 4} Appellant presented the testimony of Dr. Mayfield to support his claim that the ulnar nerve disruption developed as a result of his duties at Cummins. In opposition, appellees presented the testimony of Dr. Steven Wunder. Dr. Wunder acknowledged that appellant had ulnar nerve compression at the elbows, but urged that it did not result from his job activities at Cummins. Dr. Wunder attributed the problem to a variety of nonwork-related activities such as cervical disc problems, weight issues, and other metabolic and systemic disorders. The jury awarded judgment in favor of appellees, denying appellant's workers' compensation claim. Appellant filed a motion for new trial, *Page 3 
which was denied by the trial court. Appellant timely appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN NOT GRANTING A NEW TRIAL DUE TO IRREGULARITY IN THE PROCEEDINGS AND MISCONDUCT OF CUMMINS' COUNSEL THAT PREVENTED APPELLANT FROM HAVING A FAIR TRIAL."
 {¶ 7} In his first assignment of error, appellant cites Civ. R. 59(A)(1) and (2) in support of his motion for a new trial. Those provisions provide, "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 8} "(1) Irregularity of the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 {¶ 9} "(2) Misconduct of the jury or prevailing party;"
 {¶ 10} The decision whether to grant a new trial lies within the sound discretion of the trial court. Star Bank Natl. Assn. v. CirrocumulusLtd. Partnership (1997), 121 Ohio App.3d 731, 743. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 129.
 {¶ 11} Appellant argues that Cummins' counsel made inappropriate statements during closing argument which "created an irregularity in the proceedings, constituted misconduct and prevented appellant from having a fair trial." Appellant claims that Cummins' counsel improperly made arguments unsupported by the evidence. Appellant cites opposing counsel's reference to statements made during voir dire and statements about appellant's failure to timely disclose his condition to his physicians. Appellant *Page 4 
submits that these comments were a "clear condemnation of appellant's character, the qualifications of appellant's expert and the appellant's choice of physicians."
 {¶ 12} Counsel is afforded wide latitude during closing arguments.Pang v. Minch (1990), 53 Ohio St.3d 186, 194. The determination of whether bounds of permissible argument have been exceeded is initially within the discretion of the trial court, and will not be reversed unless that discretion is abused. Id. "A reversal of a judgment based upon the misconduct of counsel can only occur when it appears that the misconduct prevented a fair trial." Vescuso v. Lauria (1989),63 Ohio App.3d 336, 340.
 {¶ 13} Appellant's counsel objected to the statements at issue during trial. The trial court sustained the objection and immediately instructed the jury to disregard the statements made by Cummins counsel. Further, the trial court also instructed the jury both before and after that closing arguments by counsel are not evidence. Yet, appellant still argues he was prejudiced by these statements.
 {¶ 14} A jury is presumed to have properly followed instructions given by a trial court. Pang at 195. After review of the record, we find no indication that that the statements created any irregularity in the proceedings. Nor do we find that the jury was improperly persuaded by the statements or that appellant was prejudiced by the statements. The trial court cured any potential misconduct by sustaining the objection, issuing a curative instruction to the jury, and instructing the jury before and after the closing argument. Star Bank at 745. Moreover, appellant never moved for a mistrial during the proceedings. Accordingly, we find no abuse by the trial court in denying appellant's motion for a new trial.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT ERRED IN NOT GRANTING A NEW TRIAL WHEN *Page 5 
THE WEIGHT OF THE EVIDENCE CLEARLY POINTED TO A VERDICT IN FAVOR OF THE APPELLANT'S RIGHT TO PARTICIPATE FOR THE ADDITIONAL CONDITIONS AT ISSUE."
 {¶ 18} Appellant argues in his second assignment of error that the verdict was against the manifest weight of the evidence and the trial court should have granted a new trial on that basis. Appellant claims the evidence demonstrates his condition developed from his job-related activities at Cummins, citing his testimony and the testimony of his expert, Dr. Mayfield. Appellant further submits that Dr. Wunder's testimony was not credible and that the doctor's conclusions were continually discredited during cross-examination.
 {¶ 19} A new trial may be granted if the decision of the trier of fact is against the manifest weight of the evidence. Civ. R. 59(A)(6). A judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Myers v.Garson (1993), 66 Ohio St.3d 610, 615-616. Since the trier of fact is best able to view the witnesses and observe their demeanor when weighing the credibility of the offered testimony, there is a presumption that the findings of the trier of fact are correct. Star Bank at 744, citingSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 20} Appellant acknowledges that this case primarily amounts to a battle of experts. But appellant argues that his expert is more credible and knowledgeable about his condition, and that the jury lost its way by entering judgment in favor of the appellees. After review of the record, we find some competent, credible evidence to support the jury's decision denying appellant's workers' compensation claim. The jury was in the best position to assess the credibility of each expert. Dr. Wunder attributed appellant's ulnar nerve problems to nonwork-related conditions. Moreover, appellant *Page 6 
acknowledged that some of his ailments began before working at Cummins.
 {¶ 21} Appellant's second assignment of error is overruled.
 {¶ 22} Judgment affirmed.
POWELL, P.J., and HENDRICKSON, J., concur. *Page 1