[Cite as *Parnell v. Zielinski*, 2024-Ohio-1789.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CHARLES PARNELL, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 112778 |
| v. | : | |
| JEFFREY ZIELINSKI, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT**: AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932898

### *Appearances:*

R. Brian Moriarty, L.L.C., and Brian Moriarty, *for appellant*.

Bonezzi Switzer Polito & Perry Co., LPA, and Margo S. Meola, *for appellee*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant Charles Parnell ("Parnell"), appeals the jury's verdict in favor of defendant-appellee Cade Zielinski ("Zielinski"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This case stems from an automobile accident between Parnell and Zielinski on June 8, 2018 ("2018 accident"). At the time of the accident, Parnell was stopped for traffic on Interstate 480 when he was struck from behind by Zielinski.

{¶ 3} On May 28, 2020, Parnell filed a complaint against Zielinski and alleged Zielinski's negligent driving was the proximate cause of the accident.[1] Parnell also alleged that as a direct and proximate result of the accident he suffered serious and permanent neck and lower back injuries and incurred lost wages, medical bills and expenses, and property damage to his vehicle. On June 26, 2020, Zielinski filed an answer.

{¶ 4} Discovery proceeded for several years. On April 21, 2023, Parnell filed a motion in limine to prevent the introduction of any collateral source benefits from Medicare; the trial court subsequently denied Parnell's motion.

{¶ 5} The parties stipulated that Zielinski's negligent driving caused the 2018 accident. On April 24, 2023, trial commenced on the issues of proximate cause and damages. At trial, Parnell testified on his own behalf; introduced the videotaped trial testimony of his medical expert, Dr. Conjevaram Maheshwer ("Dr. Maheshwer"); and called Zielinski on cross. Defense counsel cross-examined Parnell and Dr. Maheshwer and called Zielinski on direct; the defense did not present its own expert witness.

---

[1] The complaint also named as defendants Jeffrey Zielinski, USAA Insurance Agency, Inc., and United Services Automobile Association, but these defendants were dismissed from the lawsuit prior to trial.

{¶ 6} The evidence showed that on the date of the 2018 accident, Parnell drove away from the scene of the accident but later that day sought emergency room treatment. Parnell reported to the emergency room physician that "he was involved in a car accident earlier this year and had physical therapy for low back pain and that's why — he want — he just wanted to get checked out today." Dr. Maheshwer's transcript, p. 84.

{¶ 7} Approximately two weeks after the 2018 accident, Parnell saw his primary care physician, Dr. Klarfeld, at an appointment that had been scheduled prior to the 2018 accident. At that visit, Dr. Klarfeld diagnosed Parnell with lower back strain. Parnell's first documented complaint of neck pain following the 2018 accident did not occur until March 7, 2019.

{¶ 8} Parnell testified to his alleged neck and back injuries, pain and suffering, and decrease in activities that he related to the 2018 accident. Parnell also testified that he experienced a back injury while serving in the Army — this would have occurred before 2012 — and an automobile accident in the 1970s in which Parnell injured his neck and head. Parnell further testified that he was previously involved in a 2017 automobile accident ("2017 accident") in which he suffered injuries to his neck and lower back; Parnell's symptoms had diminished since the 2017 accident, but he was not symptom free when the 2018 accident occurred. The testimony showed that before the 2018 accident, in the same year, Parnell would wake in the morning with pain.

{¶ 9} The cross-examination of Parnell included questioning about medical records that suggested Parnell's alleged physical complaints were preexisting and not related to the 2018 accident. For instance, a July 26, 2018 physical therapy note stated it was unknown if Parnell's back pain was related to his past injuries sustained while he was in the armed forces. Additionally, a March 7, 2019 office record from a treating physician, Dr. Jedlicka, stated Parnell mentioned compressed discs and two prior auto accidents; Parnell was improved from the 2018 accident with occasional exacerbations; and Parnell took Vicodin, which was prescribed prior to the 2018 accident.

{¶ 10} The testimony also addressed Parnell's credibility. Parnell denied telling any doctors after the 2018 accident that he was previously diagnosed with cord compression yet several medical records indicate Parnell made such statements. And while Parnell testified that his pain following the 2018 accident impacted his daily activities, medical records noted he walked long distances and performed yard work.

{¶ 11} Dr. Maheshwer testified that he was not Parnell's treating doctor and he had never performed a physical examination of Parnell, but he was hired to review Parnell's medical records in conjunction with the 2018 accident and to prepare an expert report. Dr. Maheshwer initially testified under direct examination that Parnell's back and neck injuries were proximately caused by the 2018 accident and all related medical treatment was necessary.

{¶ 12} On cross-examination, Dr. Maheshwer conceded that Parnell's neck pain was caused by his severe cord compression and degenerative changes rather than the 2018 accident.

{¶ 13} Dr. Maheshwer further testified that he did not review Parnell's medical records prior to the 2018 accident nor his chiropractic records related to care subsequent to the 2018 accident. Dr. Maheshwer was unaware of X-rays obtained prior to the 2018 accident that showed severe disc space narrowing in Parnell's neck. Dr. Maheshwer did not know that in 2017 Parnell reported to a Dr. Brenner that he was a disabled veteran due to OSA and he had a back injury and diabetes.[2] Dr. Maheshwer also did not know that at the time of the 2018 accident, Parnell already had an annual examination scheduled with Dr. Klarfeld a few weeks after the 2018 accident.

{¶ 14} Dr. Maheshwer was also questioned about back X-rays obtained at the emergency room on the date of the 2018 accident that demonstrated moderate degenerative narrowing with compression. Dr. Maheshwer testified the degenerative changes were not caused by the 2018 accident; degenerative changes typically progress in a patient; degenerative changes can be an independent cause of pain; and the degenerative changes could have been asymptomatic or symptomatic at the time of the 2018 accident.

---

[2] At trial, defense counsel acknowledged that she was unfamiliar with the term "OSA" and Dr. Maheshwer did not identify the meaning of the acronym.

{¶ 15} Further, Dr. Maheshwer believed Parnell's degenerative changes were asymptomatic at the time of the 2018 accident. Dr. Maheshwer testified that if Parnell's degenerative changes depicted in the emergency room X-rays were symptomatic at the time of the 2018 accident, Parnell would have needed the medical treatment he has received since June 8, 2018, regardless of whether he experienced the 2018 accident.

{¶ 16} At the close of the testimony, the jury deliberated and returned a verdict in favor of Zielinski.

{¶ 17} On May 25, 2023, Parnell filed a timely notice of appeal presenting two assignments of error:

> Assignment of Error I: The trial court erred and/or abused its discretion in permitting defense counsel to introduce Medicare write-off information as valued amounts accepted for payments for medical services.

> Assignment of Error II: The verdict was against the manifest weight of the evidence.

**Legal Analysis**

{¶ 18} For ease of discussion, we will address Parnell's assignments of error out of order.

{¶ 19} In his second assignment of error, Parnell argues that the jury's verdict was against the manifest weight of the evidence. Specifically, Parnell argues that defense counsel presented no expert testimony in contradiction to Dr. Maheshwer and, therefore, the jury was obligated to find Parnell's alleged injuries were proximately caused by the 2018 accident.

{¶ 20} We will not reverse a jury's verdict as against the manifest weight of the evidence if the "'verdict is supported by some credible, competent evidence that goes to all the essential elements of the case.'" *Mohammadpour v. Haghighi*, 8th Dist. Cuyahoga No. 112427, 2023-Ohio-4211, ¶ 20, quoting *Abrams v. Siegel*, 166 Ohio App.3d 230, 2006-Ohio-1728, 850 N.E.2d 99, ¶ 46 (8th Dist.), citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). In civil and criminal cases alike, the standard of review of a manifest-weight challenge requires that "an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *John D. Smith Co., L.P.A. v. Lipsky*, 2d Dist. Greene No. 2019-CA-65, 2020-Ohio-3985, ¶ 33, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Because jurors are best able to observe the witnesses' demeanor, gestures, and voice inflections to assist in their assessment of credibility and to resolve conflicting testimony, we presume the jury's findings were correct. *Jones v. Owens*, 8th Dist. Cuyahoga No. 79013, 2001 Ohio App. LEXIS 4903, 6-7 (Nov. 1, 2001), citing *Intrinsics Internatl. v. Coopers & Lybrand*, 8th Dist. Cuyahoga No. 76516, 2000 Ohio App. LEXIS 3163 (July 13, 2000), and *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 21} Additionally, "a jury is free to accept or reject any or all [of] the testimony of any witness, including testimony of an expert witness." *Banas v.*

*Shively*, 2011-Ohio-5257, 969 N.E.2d 274, ¶ 20 (8th Dist.), citing *DeCapua v. Rychlik*, 8th Dist. Cuyahoga No. 91189, 2009-Ohio-2029, ¶ 23, citing *Weidner v. Blazic*, 98 Ohio App.3d 321, 335, 648 N.E.2d 565 (12th Dist.1994). "'[T]he mere fact that testimony is uncontradicted, unimpeached, and unchallenged does not require the trier of fact to accept the evidence if the trier of fact found that the testimony was not credible.'" *Banas* at ¶ 21, quoting *DeCapua* at ¶ 25, citing *Bradley v. Cage*, 9th Dist. Summit No. 20713, 2002-Ohio-816.

{¶ 22} Parnell relies on *Starcher v. Adams*, 10th Dist. Franklin No. 96APE07-884, 1997 Ohio App. LEXIS 1225 (Mar. 25, 1997), and *Vescuso v. Lauria*, 63 Ohio App.3d 336, 578 N.E.2d 862 (8th Dist.1989), to support his contention that absent expert defense testimony, the jury had to return a verdict in his favor. However, these cases are distinguishable from the instant case.

{¶ 23} In both *Starcher* and *Vescuso*, the plaintiffs sought compensation for injuries allegedly sustained in automobile accidents caused by the defendants. At trial, the parties stipulated that the defendants' driving was negligent, and both parties presented expert medical testimony to prove whether the alleged injuries were proximately caused by the accidents. Both plaintiffs' and defendants' medical experts testified that the plaintiffs suffered injuries in the accidents, with the defendants' experts disagreeing on the extent of the injuries. The juries rendered defense verdicts. On appeal, the *Starcher* and *Vescuso* Courts found the defense verdicts were against the manifest weight of the evidence because uncontroverted

evidence — the testimony of both medical experts — demonstrated that the plaintiffs suffered some injury caused by the related accident.

{¶ 24} Unlike in *Starcher* and *Vescuso*, no expert witness on behalf of Zielinski testified that Parnell's injuries were proximately caused by the 2018 accident. The only expert testimony provided was by Parnell's expert, Dr. Maheshwar. Yet,

> the jury is not required to give any additional weight to the opinion of an expert, if any weight at all. Rather, an expert's opinion is admissible, as is any other testimony, to aid the trier of fact in arriving at a correct determination of the issues being litigated. Expert testimony is permitted to supplement the decision-making process of the "fact finder" not to supplant it. *See Ragone v. Vitali & Beltrami, Jr. Inc.*, 42 Ohio St. 2d 161, 327 N.E.2d 645 (1975). Again, we stress that a jury is considered the primary fact-finder whose determinations must be afforded due deference upon appellate review.

*Doss v. Smith*, 8th Dist. Cuyahoga No. 72672, 1998 Ohio App. LEXIS 2853, 7 (June 25, 1998).

{¶ 25} We find the presented facts are analogous to those in *Jones*, 8th Dist. Cuyahoga No. 79013, 2001 Ohio App. LEXIS 4903 (Nov. 1, 2001), where the parties were involved in an automobile accident in which Jones claimed she sustained injuries that required medical treatment. The parties stipulated that Owens drove negligently, and the case proceeded to a jury trial on causation and damages. Jones introduced expert medical testimony; the defense did not offer expert testimony.

{¶ 26} The evidence demonstrated that Jones had a preexisting back injury for which she had received long-term treatment, including the months immediately preceding the automobile accident at issue. Jones's medical expert could not

definitively state that her injuries were caused by the automobile accident. Based upon the expert testimony as well as testimony that demonstrated the accident occurred at low speeds, with no damage to Jones's vehicle, the defense verdict was not against the manifest weight of the evidence.

{¶ 27} Here, the parties stipulated that Zielinski's negligence caused the 2018 accident. The issues remaining to be determined at trial were (1) whether Parnell's alleged injuries were proximately caused by the 2018 accident and, if so, (2) the amount of damages to be awarded to Parnell for those alleged injuries and related economic losses. The jury rendered a defense verdict in favor of Zielinski indicating the jury did not find Parnell sustained injuries in the 2018 accident.

{¶ 28} The evidence demonstrated Parnell suffered from preexisting neck and back injuries that were symptomatic at the time of the 2018 accident. Dr. Maheshwer testified that the alleged neck injury was unrelated to the 2018 accident. Dr. Maheshwer also testified that if Parnell's degenerative changes — that were present prior to the 2018 accident — were symptomatic at the time of the 2018 accident, Parnell's subsequent physical complaints and medical care related to his low back were not proximately caused by the 2018 accident. The record also questions the credibility of Parnell and Dr. Maheshwer. Although Zielinski did not provide expert testimony contradicting Dr. Maheshwer's testimony, defense counsel thoroughly cross-examined him. "The trier of fact may reject an expert's opinion based on the contradictory opinion testimony of another expert or the expert's own concessions during cross-examination that question the credibility of his opinion."

*Beachwood v. Pearl*, 2018-Ohio-1635, 111 N.E.3d 620, ¶ 42 (8th Dist.), quoting *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 2016-Ohio-7461, 64 N.E.3d 1018, ¶ 26 (9th Dist.). The jury's verdict is supported by some credible and competent evidence that goes to all the essential elements of the case and, therefore, the verdict is not against the manifest weight of the evidence. Thus, Parnell's second assignment of error is without merit and is overruled.

{¶ 29} Pursuant to our decision on the second assigned error that finds the jury's verdict was not against the manifest weight of the evidence and, therefore, Zielinski's negligent driving did not cause Parnell's alleged injuries, Parnell's first assignment of error that addresses damages is moot. *Singleton v. Suhr*, 8th Dist. Cuyahoga No. 55367, 1989 Ohio App. LEXIS 1882, 6 (May 18, 1989); *Hoke v. Miami Valley Hosp.*, 2d Dist. Montgomery No. 28462, 2020-Ohio-3387, ¶ 54 ("These issues go to damages and are moot in light of our determination herein that the jury's verdict finding no negligence was supported by the evidence.").

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR