PEARSON et al., Appellants,

v.

WASELL, Appellee.

[Cite as *Pearson v. Wasell* (1998), 131 Ohio App.3d 700.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 96–CO–73.

Decided Dec. 16, 1998.

*William J. Davis* and *Kellie S. Kontnier,* for appellants.

*Lawrence R. Springer,* for appellee.

---

Cox, Judge.

This matter presents a timely appeal from a jury verdict and judgment rendered upon that verdict by the Columbiana County Common Pleas Court, finding in favor of defendant-appellee, Joann Commarota Wasell, and from a subsequent decision rendered by the trial court overruling the motion for new trial filed by plaintiffs-appellants, Carol A. Pearson et al.

On November 13, 1992, plaintiff-appellant Carol A. Pearson was operating her motor vehicle west on Second Street at the intersection of Jackson Street, in East Liverpool, Columbiana County, Ohio, intending to proceed straight through the intersection. Appellee was traveling east on Second Street and turned left in front of appellant, failing to yield the right-of-way. A collision occurred between the vehicle being driven by appellant and the vehicle being driven by appellee as the right front of appellant's vehicle struck the right rear quarter panel of appellee's vehicle.

Although the damage to the vehicles in question was reported as being light and both parties were described as being uninjured by the investigating police officer, appellant Carol A. Pearson sought medical attention at a local emergency room eight days after the automobile accident. Appellant thereafter received follow-up care from Dr. Robert Mantica, complaining of pain in her hip, buttocks, knee, and right leg. Prior to this automobile accident, appellant had fallen down a flight of concrete stairs in June 1990, causing injury to her neck, shoulder, and low back, requiring her to seek previous treatment from Mantica. Following her treatment with Mantica after the automobile accident in question, appellant was referred to Dr. Bruce R. Bender, then Dr. Kevin Altman, and, finally, Dr. David Kraus, who performed surgery on appellant's lower back.

On November 8, 1994, plaintiffs-appellants, Carol A. Pearson and Leozie Pearson, filed a complaint against appellee alleging claims for personal injury and loss of consortium as a result of the aforementioned automobile accident. Appellee filed an answer to appellants' complaint in which she presented an affirmative defense alleging that Carol Pearson was at least contributorily negligent in causing the accident in question. Appellee also set forth a counterclaim against appellant, alleging a claim for personal injury, which was voluntarily dismissed prior to trial.

Following discovery, this matter proceeded to jury trial on August 19, 1996. At the close of all evidence, appellants' counsel moved for a directed verdict with regard to the issue of liability and the trial court granted the motion, reserving the issues of proximate cause and damages for jury determination. Upon due deliberation, the jury returned a verdict in favor of appellee.

Appellants then filed a motion for new trial on September 4, 1996, asserting that the jury had awarded inadequate damages, that the judgment was not sustained by the manifest weight of the evidence, that the judgment was contrary to law, and that an error of law occurred at trial that was brought to the attention of the trial court. On September 18, 1996, the trial court filed its judgment entry, overruling appellants' motion for new trial. Appellants filed their notice of appeal on October 17, 1996.

Appellants set forth six assignments of error on appeal.

Appellants' first assignment of error alleges:

"The trial court prejudicially erred, as a matter of law, in submitting separate jury forms to the jury for verdicts in favor of appellants or appellee when the court [had] directed a verdict for the appellants."

Following the close of all evidence in this case, the trial court granted appellants' motion requesting a directed verdict in their favor on the issue of liability. However, the trial court ordered that the issues of proximate cause and damages be submitted to the jury. Testimony was presented during trial which revealed that approximately two years prior to the automobile accident in question, Carol Pearson had fallen down a flight of concrete stairs, thereby necessitating medical attention. As a result of that testimony, the trial court issued a jury instruction regarding the aggravation of a preexisting condition.

Appellants complain that only a verdict form in their favor should have been submitted to the jury, since the trial court had directed a verdict in their favor on the issue of liability. Appellants contend that the evidence submitted at trial demonstrated that Carol Pearson suffered a new injury as a result of the automobile accident that occurred on November 13, 1992. Appellants believe that submitting verdict forms for both plaintiffs (appellants) and defendant (appellee) in this case, when a directed verdict had been rendered in their favor regarding liability, caused confusion for the jury and caused them to improperly conclude that appellants suffered no damages as a result of the automobile accident in question.

Appellants offer that at trial, their counsel properly objected to the verdict forms as submitted. However, while appellants' counsel raised the issue and questioned the trial court as to the submission of the verdict forms, no specific objection was made on the record. The following colloquy took place between appellants' counsel and the trial court regarding this issue:

"MR. DAVIS: I am just wondering if there should even be a verdict for the defendant, although, I guess if there is zero damages, you don't have the elements, then,—

"THE COURT: If they don't find that there are any damages that were proximately caused as the result of plaintiff's [sic] negligence, they can so find on the evidence. I don't think that there was any—There was no evidence—The only evidence that we know for sure is from a photograph depicting the automobile, and there has been no direct evidence that shows the difference in value of that automobile before and after, and I think that it is proper. I would have to submit a defense verdict.

"MR. DAVIS: That is it.

"THE COURT: Otherwise, it would look like I am directing on both proximate cause and all the issue is that you determine the amount."

■ An appellate court need not consider an error that a complaining party could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 679 N.E.2d 706.

■ Assuming *arguendo* that appellants had properly reserved this issue for review, the trial court was correct in submitting verdict forms in favor of each party to the jury as there was a substantial issue involving proximate cause in this case.

Patrolman Thomas A. Hildebrand, the police officer who investigated this accident, testified at trial that the damage to the vehicles driven by both parties was light. Patrolman Hildebrand further stated that as part of his investigation, he inquired as to whether anyone was hurt and neither party claimed injury. Admittedly, Carol Pearson did not seek medical attention until eight days after the automobile accident in question.

Dr. Bruce Bender testified that appellant presented herself to his office in June 1993, complaining of severe chronic pain, which dated back to her fall down the stairs in June 1990. Appellant informed Dr. Bender that she had increasing neck, shoulder, and low back pain, along with pain in her left buttock. Dr. Bender offered that he reviewed the records of several physicians who had treated appellant, including Mantica, and in reviewing them, found no history of radicular pain in appellant's low back. Bender concluded that the automobile accident in this case was the proximate cause of appellant's back condition and radicular pain syndrome.

Dr. David R. Kraus testified that when he first saw appellant, she related to him that she thought her back problem began with her fall down the flight of stairs in June 1990. Kraus stated that his medical records did not indicate that appellant made mention of the automobile accident in November 1992. Kraus offered that in his opinion, appellant's medical problem represented a degenerative process and was aggravated by her fall in 1990. However, Kraus further stated that appellant's medical problem could also have been aggravated by her automobile accident.

Testimony was further presented by Dr. Dennis Brookes, who examined appellant in December 1995 at the request of appellee's counsel. Appellant related to Dr. Brookes that she had been involved in an automobile accident, and he likewise had the opportunity to review her medical records. Dr. Brookes reported that appellant's medical documentation revealed a history of complaints concerning low back pain since her fall in June 1990. Dr. Brookes concluded that

as a result of the automobile accident in November 1992, appellant sustained only some minor injuries to her right ankle, right knee, right thigh, and right shoulder. Dr. Brookes specifically testified that he did not believe appellant sustained any injury to her low back from this accident.

In light of the divergent testimony offered by the physicians who evaluated appellant, there remained a jury question concerning what injury, if any, was proximately caused by the automobile accident in this case. Based upon that testimony, the jury could have found as it did, that appellant did not sustain any injuries as a result of that accident. Thus, the trial court did not prejudicially err as a matter of law, or mislead the jury, in submitting separate jury verdict forms for verdicts in favor of either appellants or appellee on the issues of proximate cause and damages. See, generally, *McKiernan v. Home Sav. of Am.* (1994), 93 Ohio App.3d 13, 637 N.E.2d 384.

Appellants' first assignment of error is found to be without merit.

Appellants' second assignment of error alleges:

"The trial court abused its discretion and prejudicially erred, as a matter of law, in permitting the testimony of Dr. Bruce Bender of hearsay statements made by Dr. Robert P. Mantica in an inadmissible letter which was highly prejudicial and inflammatory and prejudiced appellant and damaged her credibility."

During his videotaped deposition and upon cross-examination by appellee's counsel, Bender read an excerpt from a letter he had received referring appellant as a patient, which was written by Mantica and dated May 13, 1993, as follows:

"Q. Okay. Now does he also in that letter say to you, Doctor—and I'm quoting—'I think there is some secondary gain, possibly the lawsuit she has concerning the motor vehicle, and the fall down steps at the hotel.' "

"A. Do you want me to answer the question?

"Q. Yes, you may answer.

"A. Yes. He does say, 'I think there is some secondary gain, possibly in lawsuits she has concerning the motor vehicle accident'—or motor vehicle—he doesn't say accident, but he says, 'motor vehicle and the fall down steps at the hotel.' "

Appellants complain that their counsel twice objected to the foregoing testimony during Bender's deposition and that the objections were overruled by the trial court, which permitted the jury to hear the stated excerpt from Mantica's letter. The letter in question was not offered into evidence during Bender's deposition or at trial. Appellants believe that the trial court abused its discretion in permitting

this testimony to be considered by the jury as it was both highly prejudicial and inflammatory.

Appellants state that given the nature of appellant's injury to her lower back and the controversy surrounding whether that injury was related to or aggravated by the automobile accident in this case or was related solely to a previous incident, appellant's credibility was at issue. Appellants contend that the excerpt from Mantica's referral letter was damaging to appellant's credibility and constituted impermissible hearsay pursuant to Evid.R. 802, as it was offered to prove the truth of the matter asserted.

■ An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875.

■ Bender was called as an expert witness to testify on behalf of appellants. The letter to which appellants refer under this assignment of error was written by another one of Carol Pearson's treating physicians, who referred her to Bender. That letter was duly made a part of Bender's patient file and thus was a record of information transmitted by a person with knowledge, kept in the course of regularly conducted business activity, and constituted an exception to hearsay pursuant to Evid.R. 803(6). The Ohio Supreme Court has held that the admission of business records under Evid.R. 803(6) rests within the discretion of the trial court. *Peters v. Ohio State Lottery Comm.* (1992), 63 Ohio St.3d 296, 587 N.E.2d 290.

■ Furthermore, Evid.R. 611(B) provides that cross-examination shall be permitted by a trial court with regard to all relevant matters and issues affecting credibility. If a subject is delved into on direct examination, it is within the trial court's discretion to allow cross-examination on the subject. See *Cincinnati Ins. Co. v. Maytag Co.* (1989), 63 Ohio App.3d 144, 578 N.E.2d 478.

■ During direct examination of Bender, appellants' counsel made repeated reference to Mantica's records and his referral of appellant to Bender. Bender was also asked to consider Mantica's complete office and hospital records in rendering his opinion. Bender testified about Mantica's diagnosis of appellant and referred to the fact that Mantica had been treating appellant since her fall in June 1990. Thus, appellants opened the door with regard to the subject of Mantica's statements concerning appellant's alleged injuries, the nature of the injuries, his treatment of appellant, and his referral of appellant to Bender. Therefore, the trial court did not abuse its discretion in permitting the testimony complained of by appellants.

Appellants' second assignment of error is found to be without merit.

Appellants' third assignment of error alleges:

"The trial court abused its discretion and prejudicially erred, as a matter of law, in overruling appellants' motion to admit the new patient information form completed by the appellant in the office of Dr. David R. Kraus which was written in the appellant's handwriting stating she was injured in an automobile accident."

During the direct examination of appellant, she repeatedly stated that she had provided her treating physicians, including Kraus, with a history of her involvement in the automobile accident on November 13, 1992. Kraus testified during his videotaped deposition, which was later played for the jury, that his medical records did not indicate that appellant made mention of the automobile accident in question.

Specifically with regard to Kraus's assertion that he was unaware of the automobile accident, appellant identified a document at trial, referred to as a new patient information form, which contained an accounting of the accident, and testified that she had completed it in her own handwriting in Dr. Kraus's office. Appellant testified that she obtained the new patient information form from Dr. Kraus's office by way of facsimile. This document was offered into evidence and objected to by appellee's counsel. The trial court refused to admit the document into evidence on the basis that appellant could not authenticate a document that was received from someone else and on the basis that it was being offered to impeach appellants' own witness.

Appellants argue that appellant properly authenticated the new patient information form pursuant to Evid.R. 901(A) and (B), by identifying it and stating that it was completed in her own handwriting. Appellants conclude that by refusing to allow the jury to consider the new patient information form, the trial court abused its discretion and committed prejudicial error.

Evid.R. 901(A) provides:

"General Provision. The requirement of authentication or identification *as a condition precedent to admissibility* is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." (Emphasis added).

Evid.R. 901(B) sets forth examples of authentication or identification conforming with the requirements of the rule. Even if appellant's testimony concerning the new patient information form met the requirements of Evid.R. 901, those requirements represent only a condition precedent to admissibility pursuant to Evid.R. 901(A). The new patient information form would only be admissible as a business record under either Evid.R. 803(6) or R.C. 2317.40.

Both Evid.R. 803(6) and R.C. 2317.40 require testimony by the custodian of records, explaining the procedure for completing and keeping documents in the normal course of business, prior to admitting a document such as the one in question into evidence. Appellant claimed that she received the new patient information form from Kraus's office by way of facsimile. However, no custodian of records from Kraus's office offered testimony to verify sending the facsimile to appellant or that the new patient information form was produced or kept as a result of the normal course of business.

■ Nonetheless, even if the trial court's failure to allow the jury to consider the new patient information form constituted error, it was harmless and appellants were not prejudiced as a result. Appellant testified that she had completed the form in Dr. Kraus's office and that it contained her handwritten recitation of the fact that she had been involved in an automobile accident. Even though the trial court did not admit the new patient information form into evidence, it did permit its use as a demonstrative aid. Therefore, the trial court did not abuse its discretion in this regard.

Appellants' third assignment of error is found to be without merit.

Appellant's fourth, fifth, and sixth assignments of error are related in nature, will therefore be discussed together, and allege respectively as follows:

"The trial court prejudicially erred, as a matter of law, in failing to grant the appellants' motion for a new trial when the court directed the verdict in favor of the appellants but the jury awarded no damages and acted under the influence of passion or prejudice.

"The trial court prejudicially erred, as a matter of law, in failing to grant the appellants' motion for a new trial as the judgment is not sustained by the manifest weight of the evidence.

"The trial court prejudicially erred, as a matter of law, in failing to grant the appellants' motion for a new trial as the judgment is contrary to law."

Appellants filed a motion for new trial on September 4, 1996, asserting, among other things, that the jury had awarded inadequate damages, that the judgment was not sustained by the manifest weight of the evidence, and that the judgment was contrary to law. By judgment entry filed September 18, 1996, the trial court overruled appellants' motion for new trial. Appellants argue that the trial court prejudicially erred in failing to grant their motion and cite a litany of cases in support of their contention.

■ Civ.R. 59 sets forth the grounds upon which a new trial may be granted by the trial court and includes those grounds alleged by appellants in their motion and under this assignment of error. A judgment entered on a verdict

may be set aside and a new trial granted on the grounds that the verdict and judgment are manifestly against the weight of the evidence and contrary to law when the inadequacy of the verdict is so gross as to shock the sense of justice and fairness, or the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or it is apparent that the jury failed to include all the items of damages comprising a plaintiff's claim. *Iames v. Murphy* (1995), 106 Ohio App.3d 627, 666 N.E.2d 1147.

The grant or denial of a motion for new trial rests within the trial court's sound discretion, and its ruling will not be disturbed by a reviewing court unless the trial court clearly abused its discretion in granting or denying said motion. *Id.*

The cases cited by appellants are not analogous to the case at bar, as they are all factually or procedurally dissimilar. For example, in *Miller v. Irvin* (1988), 49 Ohio App.3d 96, 550 N.E.2d 501, the court found the jury's award to be inadequate when evidence of special expenses and some injury was not disputed. In the case *sub judice,* the issue of what injury, if any, appellant sustained as a result of the automobile accident on November 13, 1992 was largely in dispute. In *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 10 OBR 129, 460 N.E.2d 701, *uncontroverted* expert testimony revealed that a previous knee implant had been damaged as a proximate result of an automobile accident and had to be replaced. Here, appellants' own experts differed in their opinions as to whether Carol Pearson's alleged injury was caused by the automobile accident.

In *Loudy v. Faries* (1985), 22 Ohio App.3d 17, 22 OBR 52, 488 N.E.2d 235, the jury verdict with regard to damages was upheld. In *Hardy v. Osborn* (1988), 54 Ohio App.3d 98, 560 N.E.2d 783, the injuries sustained by the plaintiff were open and obvious lacerations and fractured teeth. Further, the jury's verdict in *Hardy* reflected total damages based upon essentially *undisputed* special expenses, unlike the situation in the case at bar. In *Vescuso v. Lauria* (1989), 63 Ohio App.3d 336, 578 N.E.2d 862, both parties' medical experts testified that the plaintiff had suffered an injury as a direct result of the automobile accident in question. That is not the case in this matter.

This court will not invade the province of the jury in determining the weight to be afforded opinion evidence rendered by an expert. It is the duty of a jury to determine whether the facts upon which an expert opinion is based have been proven by the greater weight of the evidence. *Camden v. Miller* (1986), 34 Ohio App.3d 86, 517 N.E.2d 253.

Although a directed verdict was granted in favor of appellants on the issue of liability, the issues of proximate cause and damages properly remained to be determined by the jury. Based upon the testimony offered by the police

officer who investigated the accident, appellant's admission that she did not seek medical attention until eight days after the accident, and the divergent opinions presented by expert testimony, there was competent, credible evidence from which the jury could conclude that appellant suffered no injury as a result of this accident warranting an award of damages. A judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 638 N.E.2d 533.

Appellants did not establish any viable grounds for a new trial, and, based upon our discussion under the foregoing assignments of error, the trial court did not commit prejudicial error as a matter of law during the within trial. Therefore, the trial court did not abuse its discretion in overruling appellants' motion for a new trial.

Appellants' fourth, fifth, and sixth assignments of error are found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO, P.J., and WAITE, J., concur.