OPINION
Defendant-appellant George Scott appeals the decision of the Mahoning County Common Pleas Court which permitted plaintiff-appellee Yolanda West to withdraw her demand for a trial by jury. In deciding this appeal, we are called upon to answer a single question: When a party in a civil lawsuit timely files a jury demand, can that demand be withdrawn without the consent of the remaining party who did not file a jury demand of their own? Since we find that Civ.R. 38(D) requires a negative response to that question, we reverse the contrary action of the trial court for the reasons set out below.
 FACTS
West and Scott were involved in an automobile accident. West filed suit against Scott for injuries arising out of the accident. West's complaint included a jury demand. Neither Scott's answer nor any other pleading, except for a motion made on the day of trial, included a jury demand. Almost two years after filing the complaint and three days prior to trial, West, by written motion, withdrew her jury demand. The court accepted the withdrawal. On the day of trial, Scott, by written motion, demanded a jury trial. The court denied the motion.
On the day of trial, Scott objected to the unilateral withdrawal of the jury demand. The case proceeded to trial without empaneling a jury. At the close of evidence, Scott renewed his objection. Judgment was entered against him. Scott timely filed a motion for a new trial. The motion was denied. This timely appeal followed.
 ASSIGNMENTS OF ERROR
Scott raises two assignments of error. These assignments will be discussed together. Said assignments contend:
 "THE TRIAL COURT ERRED IN PERMITTING PLAINTIFF-APPELLEE YOLANDA WEST TO UNILATERALLY WITHDRAW HER JURY DEMAND WITHOUT THE CONSENT OF DEFENDANT-APPELLANT, GEORGE SCOTT AND IN THEREAFTER PROCEEDING TO TRIAL WITHOUT EMPANELING A JURY."
 "THE TRIAL COURT FAILED TO CORRECT ITS ERROR OF LAW BY DENYING DEFENDANT-APPELLANT'S, GEORGE SCOTT'S, MOTION FOR NEW TRIAL."
 STANDARD OF REVIEW
The appellate court reviews a denial of a motion for a new trial under an abuse of discretion standard. Sharp v. Norfolk W. Ry. Co. (1995),72 Ohio St.3d 307, 312; Pearson v. Wasell (1998), 131 Ohio App.3d 700,710. A reviewing court will only reverse the trial court's ruling if it is found that the trial court abused its discretion by acting in an unreasonable, unconscionable, or arbitrary manner. Sharp,72 Ohio St.3d at 312; Pearson, 131 Ohio App.3d at 710.
 ANALYSIS
Scott argues that Civ.R. 38 and Civ.R. 39 requires both parties to consent to the withdrawal of the jury demand, regardless of whether both parties requested a trial by jury. He claims that since he did not consent to the withdrawal of the jury demand, the withdrawal was improper. West insists that Scott waived his right to a jury trial. West claims that Civ.R. 38(B) requires a party to demand a jury trial and failure to do this in accordance with that section is a waiver of the right to a jury trial pursuant to Civ.R. 38(D). West further argues that Scott's jury demand, filed in response to West's filing a unilateral withdrawal of jury demand on the eve of trial, was untimely, and that the trial court had the discretion to deny same pursuant to Civ.R. 39(B).
We decline to interpret Civ.R. 38 and Civ.R. 39 as West suggests. Looking first at Civ.R. 38(B), we find that the rule does not require each party to demand a trial by jury. It merely states that:
 "Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any time after the commencement of the action * * *."
Therefore, if one party demands a jury trial, all the other parties in the same action must also have the matter tried by a jury. Therefore, a trial by jury automatically attaches to all parties by virtue of a single party's demand.
We now may look at the procedure for the withdrawal of a jury demand. Civ.R. 38(D) states:
 "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver of trial by jury. A demand for trial by jury as herein provided may not be withdrawn without the consent of the parties." (Emphasis added).
Further, Civ.R. 39(A) provides that upon demand, the trial "shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered on the record, consent to trial by the court sitting without a jury * * *." Read in pari materia, the two rules clearly provide that once one of the parties make a jury demand in conformity with the Civil Rules, parties must consent on the record, to waive a jury trial.
The fallacy of the argument of West is exposed by the emphasized portion of the foregoing rules. West would have us read into the rules an additional qualifier, i.e., that a demand for trial by jury may not be withdrawn without the consent of the other parties who previously filed a jury demand. As we understand West's position, she is actually arguing that: (1) the other party failed to demand a jury trial on their own; (2) therefore, they waived their right pursuant to Civ.R. 38(D); (3) therefore, the "consent" required by Civ.R. 38(D) applies only to those who did not "waive" their right to demand a jury trial; and (4) therefore, the "consent" required in Civ.R. 38(D) only applies to those who did not waive their right to demand a jury trial (i.e., they had also demanded a jury trial).
Applying such an argument to the situation which we have before us (one plaintiff and one defendant), the "consent" mandated by Civ.R. 38(D) would have no application other than to require plaintiff-appellee to give her consent to her own request to withdraw her jury demand — clearly a nonsensical requirement.
The language of section (A) and (D) require a party to demand a jury trial, but it states that the parties must consent to the withdrawal. Civ.R. 38 specifically uses the singular and plural uses of the word party. The clear meaning of use of party and parties means that any one party can demand a jury, but all parties to the lawsuit must consent to the withdrawal of the demand. The language does not specify that consent is only needed from the parties who demanded a jury trial.
Recently our sister district has decided a case very similar to the case at bar. Holman v. Keegan (2000), 139 Ohio App.3d 911. We find the holding in that case to be persuasive. In Holman, the Sixth District Court of Appeals held that once a jury is demanded there are only three ways to retract the request. Id. at 916. First, the parties could stipulate to a bench trial instead of a jury trial. Id. Second, the court could determine that the right to a jury trial does not exist. Id. Third, the party who demanded the jury trial may withdraw the request, but only with the consent of the other parties. Id. Therefore, a unilateral withdrawal of the jury demand is ineffective because both parties are required to consent to the withdrawal. Id. It does not matter that the party complaining of the withdrawal never made a jury demand.Id.
Furthermore, Federal Courts have decided this issue in regards to Federal Rule of Civil Procedure 38(D). Those courts held that the language in Fed.R.Civ.P. 38(D), stating that a jury demand cannot be withdrawn without the consent of the parties, ensures that one party may rely on another's jury demand. Rosen v. Dick (C.A.2, 1980), 639 F.2d 82;Cram v. Sun Ins. Office, Limited (C.A.4, 1967), 375 F.2d 670; Couch v.Mobil Oil Corp. (S.C.Tex. 1971), 327 F. Supp. 897; Marcella v. BrandywineHosp. (C.A.3, 1995), 47 F.3d 618, 625. Ohio Civ.R. 38 is modeled after the Federal Rule of Civil Procedure 38, therefore the holdings in the above cited cases are persuasive. Civ.R. 38, staff note 1. Therefore, even though Scott relied on West's jury demand and did not file his own demand, his signature was still needed to withdraw the jury demand.
West argues that pursuant to Civ.R. 39(B), it is within the trial court's discretion to deny an untimely jury demand. That section of the rule is inapplicable here, as it contemplates an untimely demand in the first instance. Here, a jury demand was initially timely made by West. As argued by Scott, Civ.R. 39(A) is the controlling subsection to the facts of this case. In conclusion, it is of no consequence that Scott filed his jury demand late, because the trial court unreasonably withdrew the jury demand of West without his consent. Once West demanded a jury trial, the only way she could withdraw the demand was with the consent of Scott. Scott's assignments of error are demonstrated by the record. As the decision of the trial court was contrary to law, it must be viewed as being unreasonable, arbitrary, and unconscionable.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court for a new trial.
Waite, J., concurs.
DeGenaro, J., concurs.