DECISION AND JUDGMENT ENTRY
{¶ 1} William F. Rinehart appeals the Ross County Common Pleas Court's denial of his motion for a new trial. Rinehart contends that the trial court should have granted him a new trial because the jury verdict awarding him only $251.68 is inadequate and a result of passion or prejudice. Because we find that the record contains some competent, credible evidence supporting the verdict and no indication of undue passion or prejudice, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Rinehart and Brown were involved in an automobile accident on Wednesday, January 19, 2000. Rinehart filed a complaint against Brown on June 11, 2004,[1] and the case proceeded to a jury trial.
 {¶ 3} At trial, Officer Tim Gay, the police officer who responded to the scene of the accident and prepared the accident report, testified. He stated that Rinehart did not report any injuries at the time of the accident.
 {¶ 4} Rinehart testified that he missed work on Thursday and Friday following the accident, and that he returned to work the following Monday. Rinehart's supervisor, Lisa Humphrey, keeps the employer's record of sick days used and the employee's reported reason for the sick leave. Humphrey testified that her records indicate that Rinehart reported "injuries due to automobile accident" as his reason for using sick leave on the two days following the accident. Humphrey testified that those were the only two days that Rinehart reported to her that he was unable to work due to the automobile accident. Rinehart's wages at the time were $15.73 per hour.
 {¶ 5} Rinehart admitted that his statement of lost wages only shows two missed days of work due to the January 19, 2000 automobile accident. On the remainder of the days that Rinehart sought compensation for that year, he either did not note a reason for taking the time off or reported that he was taking time off for medical appointments, nausea, vomiting, dizziness or stomach pain.
 {¶ 6} Rinehart's father, Bernard Rinehart, testified that Rinehart complains of headaches almost constantly. However, Rinehart's father did not testify about when Rinehart first started complaining of these headaches.
 {¶ 7} Rinehart testified that since the accident, he has debilitating headache pain every day. Rinehart further testified that this pain often becomes so severe that it causes him nausea. On cross-examination, Rinehart admitted that he was involved in an automobile accident in 1997 in which he sustained injuries similar to the injuries he sustained in the accident with Brown. Rinehart admitted that he had chronic headaches before the accident with Brown, but claimed those headaches were in a different part of his head. Rinehart also admitted that he had problems with his neck, shoulder and back prior to the accident with Brown, and that he received treatment for those problems from two different chiropractors. On the day of his accident with Brown, Rinehart was still suffering pain from the 1997 accident.
 {¶ 8} The parties filed the deposition testimony of three medical doctors with the court, and the court filed an entry stating that the depositions could be used in the trial. However, it is not clear from the record before us whether the deposition transcripts were read into evidence at trial or whether any doctors testified at trial, because Rinehart only ordered the trial transcript of his testimony, Humphrey's testimony, and Officer Gay's testimony.
 {¶ 9} The jury returned a verdict in Rinehart's favor, but awarded him only $251.68. Rinehart filed a motion for a new trial, asserting that the jury awarded inadequate damages under the influence of passion or prejudice. Rinehart claimed that the jury award disregards his past and future loss of wages and medical expenses from his injury-related nausea and headaches. The trial court denied the motion, finding that Rinehart's own testimony was the only evidence that Rinehart lost wages due to the accident on days other than January 20 and 21, 2000. The court noted that the parties disputed the extent of the injury, if any, that Rinehart sustained in the accident. Additionally, the court noted that Rinehart did not submit any medical bills into evidence, and that two days' wages at Rinehart's hourly rate of $15.73 per hour total $251.68.
 {¶ 10} Rinehart appeals, asserting the following assignments of error: I. "The trial court failed to consider the pain and suffering to which plaintiff testified and instruct the jury with regard to it." II. "The court did not consider plaintiff's Exhibit One introduced into evidence which contains Dr. Fruth's medical opinion concerning the physical condition of plaintiff, William Rinehart."
 II. {¶ 11} At the outset, we note that an appellate court presumes the regularity of a trial court's proceedings. Hartt v.Munobe (1993) 67 Ohio St.3d 3, 7, citing Rheinstrom v. Steiner
(1904), 69 Ohio St. 452. An appellant bears the burden of demonstrating an alleged error by the trial court through reference to matters made part of the record. Id., citing Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197; App.R. 9(B). When the appellant alleges that the trial court's judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues. Id.; App.R. 9(B); Ostrander v. Parker-Fallis Insulation Co. (1972),29 Ohio St.2d 72. Further, "if the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days * * * shall file and serve on the appellant a designation of additional parts to be included." App.R. 9(B).
 {¶ 12} Here, Rinehart requested only a partial transcript of the trial proceedings. The only trial testimony contained in the record before us is the testimony of Rinehart, Humphrey, Officer Gay, and Rinehart's father.[2] Brown did not file a designation specifying that additional portions of the transcript are necessary to our resolution of this appeal.
 {¶ 13} Rinehart asserts in his first assignment of error, in part, that the trial court erred by failing to instruct the jury with regard to his pain and suffering. In his second assignment of error, Rinehart contends that the trial court did not consider his exhibit concerning Dr. Fruth's medical opinion on his physical condition. Rinehart did not order a transcript of the jury instructions or Dr. Fruth's testimony. We can not tell from the limited record before us whether Rinehart moved to enter Dr. Fruth's deposition testimony into evidence at trial, or under what circumstances the exhibit in question was apparently admitted into evidence, if at all. Because Rinehart failed in his burden to support these portions of his assignments of error by reference to matters in the record before us, we presume the regularity of the trial court proceedings with respect to matters relating to the jury instructions and Dr. Fruth's opinion.
 {¶ 14} Apart from his arguments regarding the jury instructions and Dr. Fruth's opinion, the crux of Rinehart's argument is his contention that the trial court abused its discretion in denying his motion for a new trial, because the jury's verdict is contrary to the manifest weight of the evidence.
 {¶ 15} Pursuant to Civ.R. 59(A)(4), a trial court may grant a new trial on the grounds of "[e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice." "A judgment entered on a verdict may be set aside and a new trial granted on the grounds that the verdict and judgment are manifestly against the weight of the evidence and contrary to law when the inadequacy of the verdict is so gross as to shock the sense of justice and fairness, or the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or it is apparent that the jury failed to include all the items of damages comprising a plaintiff's claim." Pearson v. Wasell
(1998), 131 Ohio App.3d 700, 709-710, citing Iames v. Murphy
(1995), 106 Ohio App.3d 627, 666 N.E.2d 1147.
 {¶ 16} To determine whether a jury's verdict was influenced by passion or prejudice, the court should consider the amount of damages returned and whether the record discloses that the verdict was induced by "(a) admission of incompetent evidence, or (b) by misconduct on the part of the court or counsel, or (c) whether the record discloses any other action occurring during the course of the trial which can reasonably be said to have swayed the jury in their determination of the amount of damages that should be awarded." Fromson Davis Co. v. Reider (1934),127 Ohio St. 564, 569; Airborne Express, Inc. v. Sys. ResearchLaboratories, Inc. (1995), 106 Ohio App.3d 498, 510. The mere size of the verdict is not proof of the jury's passion or prejudice. Airborne, citing Duren v. Suburban Community Hosp.
(C.P. 1985), 24 Ohio Misc.2d 25, 29.
 {¶ 17} The decision to grant or deny a motion for new trial is committed to the sound discretion of the trial court. Statev. Matthews (1998), 81 Ohio St.3d 375, citing State v.Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. We will not reverse a trial court's denial of a motion for new trial absent an abuse of that discretion. Shark v.Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993), 66 Ohio St.3d 610, 614; SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 18} Here, Rinehart does not allege the admission of incompetent evidence, misconduct on the part of the court or counsel, or any other action that may have incited undue passion or prejudice in the jury. Instead, he simply asserts that the jury's verdict is contrary to the testimony in the record regarding the damages and pain and suffering that the accident caused and will continue to cause him.
 {¶ 19} Based upon the record before us, Rinehart's testimony was the only testimony supporting his assertion that he missed more than two days of work as a result of the accident. Rinehart contends that Humphrey's testimony supports his claim that he missed additional work as a result of the accident. In fact, Humphrey testified that the only days Rinehart reported missing work as a result of the accident were January 20 and 21, 2000. While Humphrey affirmed that Rinehart missed work on other days, and claimed reasons such as medical appointments and nausea, Humphrey's testimony did not link those lost days to Rinehart's accident. Additionally, Rinehart did not submit any medical testimony with the record on appeal indicating that he missed work as a result of the January 19, 2000 accident. Moreover, the jury was free to believe or disbelieve in whole or in part the testimony of any witness, including Rinehart.
 {¶ 20} The record contained some competent, credible evidence that Rinehart missed only two days of work due to his accident with Brown. Specifically, the record contains Humphrey and Rinehart's testimony that the only days Rinehart specifically identified as days off due to the accident were January 20 and 21, 2000. Additionally, the record contains testimony from Officer Gay that Rinehart did not report any injuries at the time of the accident. Finally, the record contains evidence that Rinehart was suffering and receiving treatment for similar headache, neck, shoulder, and back problems prior to his accident with Brown. We find that this constitutes some competent, credible evidence supporting the jury's decision to award Rinehart two days' lost wages.
 {¶ 21} Because the record contains some competent, credible evidence supporting the jury's verdict, we cannot find that the trial court abused its discretion in denying Rinehart's motion for a new trial. Accordingly, we overrule Rinehart's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] Rinehart first filed and dismissed a complaint against Brown in 2002.
[2] We note that the court reporter apparently mistakenly included the transcript of the testimony of Rinehart's father, Bernard Rinehart, as the record does not contain a request for this transcript from either party.